IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TERAH C. MORRIS,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:15cv00675 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **MRS. FLETCHER,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

This matter is before me on plaintiff Terah C. Morris's motions (Docket Nos. 11, 17, and 24) for preliminary injunctive relief. Morris seeks transfer to another facility and more access to the law library. Upon review of Morris's motion, I find no basis for granting preliminary injunctive relief and, therefore, will deny his motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against

a claim of irreparable harm." *Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps*, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting *Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n*, 259 F.2d 921 (1958)).

In the motions for preliminary injunctive relief, Morris alleges that on December 18 and 28, 2015, he was transported to the Unit Manager's office and was told him not to call mental health unless he was suicidal and that if he was suicidal, they would "tie [him] up." Morris alleges that the Unit Manager said this in order to impede Morris's progress with this case. Morris asks the court to order his transfer to another facility. Morris also alleges that because he is in a segregation cell and the prison is sometimes on lockdown, he does not have adequate access to legal resources and a "law librarian only comes through once a week." Morris asks the court order the prison to provide him with more time to use the law library so that he can better prepare his case. Having reviewed his motions, I conclude that Morris has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. Accordingly, it is hereby **ORDERED** that Morris's motions for preliminary injunctive relief are **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

ENTER: This \_\_11th\_\_ day of March, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE