# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TERAH C. MORRIS,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:15cv00675 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND REPORT** |
| **MRS. FLETCHER, et al.,** | ) | **AND RECOMMENDATIONS** |
| Defendants | ) | |

This matter is before the undersigned on the following motions:

1. Defendant Happy Smith, M.D.'s Motion To Stay Discovery, (Docket Item No. 49);

2. Motion for order for …physical and mental examination, (Docket Item No. 52), filed by the pro se plaintiff;

3. Motion To Dismiss, (Docket Item No. 53), filed by defendant Everett McDuffie, M.D.;

4. Everette McDuffie, M.D.'s Motion To Stay Discovery, (Docket Item No. 56);

5. Motion For Protective Order, (Docket Item No. 65), filed by defendants Lee, Huff, Fletcher, Jones and Phipps;

6. Motion For Summary Judgment, (Docket Item No. 66), filed by defendants Lee, Huff, Fletcher, Jones and Phipps;

7. Motion for preliminary injunctive relief, (Docket Item No. 70), filed by the pro se plaintiff;

8. Motion for preliminary injunctive relief, (Docket Item No. 80), filed by the pro se plaintiff;

9. Cross-motion for Summary Judgment, (Docket Item No. 82), filed by the pro se plaintiff;

10. Defendant Happy Smith, M.D.'s Qualified Immunity Plea, (Docket Item No. 88);

11. Defendant Happy Smith, M.D.'s Motion For Summary Judgment, (Docket Item No. 90);

12. Defendant Happy Smith, M.D.'s Motion For Summary Judgment For Plaintiff's Failure To Exhaust Administrative Remedies, (Docket Item No. 101);

13. Motion for a request of copies, (Docket Item No. 107), filed by the pro se plaintiff;

14. Plaintiff's cross-motion for summary judgment, (Docket Item No. 111);

15. Plaintiff's Terah C. Morris … Cross-Motion For Summary Judgment On Complete Exhaustion of Administrative Remedies, (Docket Item No. 117);

16. Motion for order for a[] physical and mental examination, (Docket Item No. 119), filed by the pro se plaintiff;

17. Motion for Preliminary Injunction, (Docket Item No. 126), filed by the pro se plaintiff;

18. Defendant Happy Smith, M.D.'s Motion To Stay Discovery, (Docket Item No. 127);

19. Everett McDuffie, M.D.'s Motion To Stay Discovery, (Docket Item No. 130); and

20. Renewed Motion For Protective Order, (Docket Item No. 135), filed by the defendants Lee, Huff, Fletcher, Jones and Phipps.

With regard to the pro se plaintiff's motions requesting that the court order that he receive physical and mental examinations, (Docket Item Nos. 52, 119), these motions will be **DENIED** insofar as they are requesting independent physical and mental examinations pursuant to Federal Rules of Civil Procedure Rule 35. It appears that the pro se plaintiff is requesting that the court select the appropriate examiners, schedule the examinations and pay for, or tax as costs, the charges for these examinations. While the court may have the authority to take such action in the appropriate case, the court declines to do so in this case, at this time. Insofar as these motions are requesting that the court order the defendants to take affirmative actions to arrange such examinations, the motions will be treated as motions for preliminary injunctive relief as set forth below.

With regard to the pro se plaintiff's requests for preliminary injunctive relief, (Docket Item Nos. 52, 70, 80, 119, 126), the undersigned finds that the plaintiff has failed to demonstrate that preliminary injunctive relief is appropriate, and I recommend that the court deny these requests. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). To receive preliminary injunctive relief, a party must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In his Complaint and Amended Complaint, (Docket Item Nos. 1, 160-1), the plaintiff alleges that his right under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment has been violated by the defendants' refusal to provide medical, psychiatric and psychological treatment to him for gender identity

-3-

Case 7:15-cv-00675-NKM-PMS   Document 141   Filed 11/16/16   Page 3 of 5   Pageid#: 1028

disorder. Based on my review of the materials provided to the court by the plaintiff in support of his requests for preliminary injunctive relief, I find that he has not made a showing that he is likely to succeed on the merits at trial.

With regard to the pro se plaintiff's cross-motions for summary judgment, (Docket Item Nos. 82, 111, 117), the undersigned finds that the plaintiff has failed to demonstrate that the entry of summary judgment in his favor is appropriate, and I recommend that the court deny these motions. Pursuant to Federal Rules of Civil Procedure Rule 56, the entry of summary judgment is appropriate only if there is "no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2016). In each of his motions, the plaintiff asserts that there are genuine disputes as to material facts, which would preclude the entry of summary judgment in his favor. The undersigned, however, will treat each of these pleadings as the plaintiff's argument in opposition to the defendants' motions for summary judgment.

With regard to the defendants' motions to stay discovery, (Docket Item Nos. 49, 56, 65, 127, 130, 135), these motions are **GRANTED**, and it is ordered that all discovery in this matter is stayed pending further order of the court after consideration of the defendants' dispositive motions.

It is **FURTHER ORDERED** that the pro se plaintiff's motion for a request of copies, (Docket Item No. 107), is **DENIED**.

The remaining motions listed above are **TAKEN UNDER ADVISEMENT** for decision by the undersigned.

## Notice to Parties

Insofar as the undersigned as made findings and recommendations with regard to dispositive motions in this Order and Report and Recommendations, notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review.

The Clerk is directed to send copies of this Order and Report and Recommendations to all counsel of record and unrepresented parties.

ENTERED: This 16th day of November, 2016.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE