IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERAH C. MORRIS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00675 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MRS. FLETCHER, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Terah C. Morris, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants failed to provide him adequate mental health treatment, diagnose him with gender identity disorder ("GID"), and give him hormone shots. Defendant Dr. McDuffie, a psychiatrist, filed a motion to dismiss and Morris responded, making this matter ripe for disposition.[1] After reviewing the record, I conclude that Morris has stated a plausible claim against Dr. McDuffie and, therefore, will deny Dr. McDuffie's motions to dismiss.

## I.

Morris alleges that in response to Morris's multiple complaints about not being evaluated or treated for GID, Dr. McDuffie met with him on October 29, 2015. Morris asserted that he suffers from GID and Dr. McDuffie asked Morris why he believed he had a gender disorder since he "look[ed] perfectly normal" to Dr. McDuffie and had male genitals when he was classified during intake at the prison. Morris alleges that when he started to try to explain his concerns to Dr. McDuffie, Dr. McDuffie "cut [Morris] off and yelled and said [that he] wrote two books on GID/G[ender] D[ysphoria ("GD"), and that he did not] ever want to he[ar Morris] discuss this subject again and told the officers to get [Morris] the hell out of" Dr. McDuffie's

---

[1] Dr. McDuffie also renewed his motion to dismiss after Morris amended his complaint.

office. Morris states that Dr. McDuffie "did not attempt or try to diagnose and/or treat [him] for GID/GD."

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (*quoting Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (*quoting Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D.Va. 1995). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851-52. A health care provider may be deliberately

3

indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. *Id.* at 851. A serious medical need is a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Morris alleges that he saw Dr. McDuffie concerning mental health treatment, seeking an assessment, diagnosis, and treatment of GID. At the meeting, Dr. McDuffie knew that Morris thought he was suffering GID, asked Morris why he thought that, and then did not allow Morris to answer before yelling at Morris and telling him to get out of Dr. McDuffie's office and never bring this issue up again. Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of Morris, I conclude that Morris has stated a plausible Eighth Amendment claim against Dr. McDuffie. Accordingly, I will deny Dr. McDuffie's motions to dismiss and give him the opportunity to file a motion for summary judgment.

**ENTER**: This 24th day of March, 2017.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE