IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERAH C. MORRIS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:15cv00675 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MRS. FLETCHER, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Terah C. Morris, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants failed to provide him adequate mental health treatment, diagnose him with gender identity disorder ("GID"), and give him hormone shots. Defendant Dr. Happy Smith filed a "Plea of Qualified Immunity," which I construe as a motion to dismiss. Morris responded to the motion and it is ripe for disposition. After reviewing the record, I conclude that Dr. Smith has not established that he is entitled to qualified immunity and, therefore, will deny his motion to dismiss.

I.

Morris alleges that he met with Dr. Smith concerning an evaluation and diagnosis of GID and his need for hormone shots. Morris states that Dr. Smith "refused" the shots and told Morris that "they don't provide hormone shots or pills" and that Morris "look[ed] like a male to him." Morris states that Dr. Smith "never tried to diagnose [him] or anything." Morris claims that Dr. Smith was deliberately indifferent to his serious medical need by failing to diagnose him, preventing him from obtaining a "competent evaluation," and by not treating his GID or gender dysphoria.

II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th

2

Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

Dr. Smith asserts that he is entitled to qualified immunity. The onus is on a defendant asserting qualified immunity to put forth authorities and argument showing that he is entitled to it. "The burden of proof and persuasion with respect to a defense of qualified immunity rests on the official asserting that defense." *Meyers v. Baltimore Cty., Md.*, 713 F.3d 723, 731 (4th Cir. 2013). Dr. Smith has not met his burden.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant asserts the affirmative defense of qualified immunity, the court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right[,]" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In determining whether the law was clearly established, the court "ordinarily need not look beyond the decisions of the Supreme Court, [the Fourth Circuit Court of Appeals], and the highest court of the state in which the case arose." *Lefemine v. Wideman*, 672 F.3d 292, 298 (4th Cir. 2012) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (1999)), *vacated on other grounds*, 133 S. Ct. 9 (2012).

3

In support of his qualified immunity argument, Dr. Smith states that Morris's "allegations against Dr. Smith do not demonstrate any violation of any clearly established law, let alone any violation of any clearly established law of which Dr. Smith should have been aware." The facts, as I must view them for purposes of a motion to dismiss, are sufficient to state a plausible claim that Dr. Smith's conduct amounted to a constitutional violation. Moreover, a reasonable officer would have known at that time that failing to provide an inmate adequate medical and mental health treatment, assessment, or medication for a serious medical need would be unlawful. *See, e.g., Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, I will deny Dr. Smith's motion to dismiss on the basis of qualified immunity.

**ENTER**: This 27th day of March, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE